**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

MICHAEL-STEVE COX,   )   3:08-cv-663-ECR (RAM)
　　　　　　　　　　　 )
　　　　Plaintiff,　　 )   **REPORT AND RECOMMENDATION**
　　　　　　　　　　　 )   **OF U.S. MAGISTRATE JUDGE**
　　vs.　　　　　　　 )
　　　　　　　　　　　 )
J. PALMER, et al.,　　 )
　　　　　　　　　　　 )
　　　　Defendants.　 )
_____)

　　　　This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's motion for a temporary restraining order. (Doc. #21.[1]) Defendants have opposed. (Doc. #44.) Also before the court is Plaintiff's motion for an evidentiary hearing. (Doc. #22.) Defendants have opposed. (Doc. #45.) After a thorough review, the court recommends that both motions be denied.

## I. BACKGROUND

　　　　At all relevant times, Plaintiff Michael-Steve Cox was in custody of the Nevada Department of Corrections (NDOC) as an inmate at Lovelock Correctional Center (LCC). (Defs.' Answer to Compl. 2 (Doc. #12).) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff names defendants who are former and current administrators and employees within the NDOC system. (*Id.* at 2-3; Def. Vallaster's Answer to Compl. 2 (Doc. #49).) Plaintiff has filed a motion for a temporary restraining order requiring Defendants to

---

[1] Refers to the court's docket number.

"reinstate [Plaintiff's] 'meatless!' alternative diet ... based on his religious beliefs and 'fastings . . . .'" (Pl.'s Mot. for TRO 1 ((Doc. #21).)

## **II. LEGAL STANDARD**

A temporary restraining order is available when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951 (3d ed. 1998); *see* Fed. R. Civ. P. 65(b). Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347, n. 2 (1977); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981).

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, --- U.S. ----, ----, 128 S.Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and . . . the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, --- U.S. ----, ----, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Id.* (citations omitted).

The Prison Litigation Reform Act (PLRA) imposes certain guidelines on the prospective relief to be granted to an inmate litigant in a lawsuit challenging prison conditions:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). "Section 3626(a) therefore operates simultaneously to restrict the

2

equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000).

### III. DISCUSSION

Defendants argue that the court is without jurisdiction to consider Plaintiff's motion for a temporary restraining order because it is not predicated upon the specific allegations made in Plaintiff's underlying complaint. (Defs.' Opp. to Pl.'s Req. for TRO 3 (Doc. #44).) The court agrees.

A federal court is a court of limited jurisdiction and, as a threshold matter, must have before it a case or controversy. *Flast v. Cohen*, 392 U.S. 83, 94 (1968). In the absence of a case or controversy, the court is without power to hear the matter. *Rivera v. Freeman*, 469 F.2d 1159, 1162-63 (9th Cir. 1972). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). A court need not consider claims that are not included in the complaint. *McMichael v. Napa County*, 709 F.2d 1268, 1273 n.4 (9th Cir. 1983)

Here, Plaintiff's motion for a temporary restraining order is wholly unrelated to the allegations in his complaint. In his complaint, Plaintiff states claims arising under the First, Eighth, and Fourteenth Amendments.[2] In Count I, Plaintiff alleges that he was improperly denied a medically ordered single cell. (Pl.'s Compl. 4 (Doc. #9).) In Count II, Plaintiff alleges that defendant Dickerman confiscated his ambulatory walker in retaliation for Plaintiff filing grievances. (*Id*. at 4-5.) In Count III, Plaintiff alleges that defendant Scott refused to provide Plaintiff previously prescribed fiber laxative. (*Id*. at 5.) In Count IV, Plaintiff alleges that

---

[2] In Count V, Plaintiff alleges that defendants took his eyeglasses an destroyed them. (Pl.'s Compl. 6-7.) In a screening order issued April 9, 2009, the court dismissed Count V with prejudice to the extent that it alleges a claim for deprivation of property.

3

defendant Scott refused to provide Plaintiff previously prescribed ibuprofen. (*Id.* at 5-6.) In his motion for a temporary restraining order, however, Plaintiff requests that defendants provide him with a meatless diet. (Pl.'s Mot. for TRO 1.) None of Plaintiff's claims asserted in the complaint raises facts or legal issues concerning a meatless diet. Thus, the court is without jurisdiction to consider the issue raised in Plaintiff's motion for a temporary restraining order because it constitutes a claim not included in the complaint.

Additionally, Defendants argue that the court should deny Plaintiff's request for an evidentiary hearing. (Defs.' Opp. to Mot. for Evidentiary Hearing 1 (Doc. #45).) Defendants contend that it is unnecessary to hold the hearing because it relates to Plaintiff's motion for a temporary restraining order, which is not properly before the court. (*Id.*) The court agrees and recommends that Plaintiff's motion for an evidentiary hearing be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for a Temporary Restraining Order (Doc. #21).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for Evidentiary Hearing/Expert Witnesses (Doc. #22).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

///
///
///
///
///

2.	That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: November 18, 2009.

_____
UNITED STATES MAGISTRATE JUDGE